**Yazan SALTI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 04–76725.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Amie Miller, Law Office of Amie D. Miller, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Jonathan F. Potter, Edward E. Wiggers, for Respondent.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Yazan Salti, an ethnic Palestinian from Syria, has filed a petition for review of the Board of Immigration Appeals's ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying him withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Salti argues that he will be persecuted on account of being a disabled person who is unable to complete compulsory military service in Syria, on account of his Palestinian ethnicity, and on account of an imputed political opinion of disloyalty for having failed to join the Ba'ath Party. Salti also contends that he will be tortured if he is returned to Syria. Because the BIA summarily affirmed the IJ, we review the IJ's decision as if it were the decision of the BIA. *See Thomas v. Ashcroft,* 359 F.3d 1169, 1174 (9th Cir.2004).

Withholding of removal requires Salti to show a "clear probability" that he will be persecuted on account of a protected ground if he returns to Syria. *See Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999). The BIA's denial of

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

withholding of removal can only be reversed if a reasonable fact finder would be compelled to find that there was a clear probability of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Syria has the right to enforce its military conscription laws against Salti and to punish him for failing to comply. *See Alonzo v. INS*, 915 F.2d 546, 548 (9th Cir.1990). Although we may find persecution if "a disproportionately severe punishment would result on account of" a protected ground, *id.*, Salti testified that he was denied an exemption from military service because of his lack of social status. Thus, the record does not compel the conclusion that Salti was being required to serve in the military despite his physical inability to do so on account of a protected ground.

To be entitled to CAT relief, Salti must "establish that it is more likely than not that he ... would be tortured if removed." 8 C.F.R. § 208.16(c)(2); *Al–Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir.2001). A petitioner states a prima facie case for relief where he "presents evidence establishing substantial grounds for believing that he would be in danger of being subjected to torture." *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001)(internal quotation marks omitted). In assessing the likelihood of torture, the agency must consider "all relevant evidence," including "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal; and [o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 208.16(c).

█ Although Salti submitted several reports from, among others, the United States State Department and Amnesty International, which describe the incidence of torture in Syrian detention facilities, the IJ focused solely on whether Salti's detention, in and of itself, would constitute torture.

The decision does not reflect any consideration of the country conditions reports to determine whether it is more likely than not that Salti will be tortured if he is detained. *See Kamalthas*, 251 F.3d at 1284.

Accordingly, we remand Salti's CAT claim to the BIA with instructions that it apply the standard set forth above and consider evidence of torture in Syrian prisons, including the reports of the country conditions. We note that because several years have passed since the issue was first before the IJ, updated reports may be required for a proper assessment of Salti's claim.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.** Costs on appeal shall be awarded to the petitioner.